Argued September 6, reversed September 19, 1962

# BRADY *v.* GLADDEN
374 P. 2d 452

*Ralph W. G. Wyckoff,* Salem, argued the cause and submitted briefs for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman,

PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

SLOAN, J.

A post conviction case. On February 19, 1960, plaintiff had plead guilty in the circuit court for Linn county to the crime of contributing to the delinquency of a minor. The court imposed sentence on the plea of guilty. At the time plaintiff entered the plea and was sentenced he was only 17 years of age. His present challenge to the judgment of conviction is that the circuit court did not have jurisdiction to consider the case. He contends that the Juvenile Code, adopted in 1959, placed exclusive jurisdiction in the juvenile courts to determine all cases wherein it is alleged that a person under 18 years of age has committed an act that would be a crime if done by an adult.

We agree. The Juvenile Code, ORS Chapter 419, makes it as positive as language permits that the juvenile court does have "exclusive original jurisdiction in any case involving a person who is under 18 years of age and: (a) Who has committed an act which if done by an adult would constitute a violation of law or ordinance of the United States or a state * * *." ORS 419.476.

ORS 419.478 provides:

"If during the pendency of a proceeding in any court other than a juvenile court it is ascertained that the age of the person who is the subject of the proceeding is such that the matter is within the exclusive jurisdiction of the juvenile court, it is the duty of the court in which the proceeding is pending forthwith to transfer the proceeding, to-

gether with all the papers, documents and testimony connected therewith, to the juvenile court of the county in which the proceeding is pending."

ORS 419.577 imposes the obligation upon any officer or other person having custody of one under 18 years of age to take him "without unnecessary delay" before the juvenile court.

The Report of the Legislative Interim Committee on Judicial Administration, Part II, Juvenile Law, page 15, states that: "* * * We have tried to draw the language in as strong terms as possible, to eliminate any doubt that the juvenile court is the court where cases involving juveniles must be initiated." We think it clear that the legislature intended the same thing.

Defendant relies on *In re Application of Loundagin,* 1929, 129 Or 652, 278 P 950. In that case the court held that § 9816 Oregon Laws, as amended by Chapter 35, Oregon Laws 1921, did not deprive the circuit courts of jurisdiction of juveniles charged with the commission of crimes. The statute at that time was substantially different than the present code. The case has no authority in respect to the circuit courts jurisdictions today. The Report of the Interim Committee, supra, page 11, explains that it was the intent of the Committee to avoid the decision in the Loundagin case. It appears that the Committee report evoked legislative approval.

The defendant also argues that because of the peculiar statutes governing juvenile jurisdiction as applied to Linn county that the circuit court is the court in that county which should exercise jurisdiction of the juvenile code cases. The argument, if it has any merit at all, misses the mark. Plaintiff in this case

was not proceeded against as a juvenile. The circuit court lacked jurisdiction to subject him to indictment. The sentence was void. We have no recourse but to order his discharge from his place of confinement. It is so ordered. On the record before us we cannot attempt to decide what, if any, further proceedings may be initiated. Judgment reversed.