Greer Lumber Co. *v.* Doles.

5-3445 382 S. W. 2d 189

Opinion delivered September 28, 1964.

B. S. Clark, for appellant.

John Sizemore, for appellee.

Per Curiam Order 3345. *Greer Lumber Co. et al.* v. *Joe S. Doles,* from Prairie Circuit; So. Dist.; by consent, the parties are given leave to apply to the Workmen's Compensation Commission for approval of a joint settlement. Harris, C. J., and McFaddin, J., dissent.

Ed. F. McFaddin, Associate Justice (dissenting). This case was appealed to the Supreme Court from the Prairie Circuit Court, Southern District; and here in this Court all parties have now filed a pleading as follows:

"JOINT MOTION TO REMAND TO THE ARKANSAS WORKMEN'S COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS. "The appellants and the appellee have reached an agreement to settle the above captioned matter by Joint Petition in accordance with Ark. Stat. Ann. § 81-1319 (1) (Repl. 1960) subject to the approval of the Arkansas Workmen's Compensation Commission.' Therefore, the appellants and the appellee jointly move that the Supreme Court of Arkansas remand the above captioned matter to the Arkansas Workmen's Compensation Commission for further proceedings."

This Court is granting the Motion and is remanding the case directly to the Workmen's Compensation Commission. In short, the cause will be taken from the Supreme Court to the Workmen's Compensation Commission, and the Circuit Court of Prairie County will be entirely ignored and bypassed in the matter. I respectfully dissent from such direct proceeding. If the parties want the cause remanded, we should send it back to the Prairie Circuit Court, from whence we received it. The word "remand" in Black's Law Dictionary is defined as: "The sending the cause back to the same court out of which it came, for purpose of having some action on it there." Adjudicated cases follow the definition. See *State* v. *Swafford* (Tenn.), 198 S. W. 2d 1007; and *State* v. *Slater* (Ida.), 241 P. 2d 1189.

The Arkansas Workmen's Compensation Law says in Ark. Stat. Ann. § 81-1325 (Repl. 1961): "Appeals from the circuit court shall be allowed as in other civil actions." In other civil actions it has been the rule of this Court that if the cause is to be remanded, it be remanded back to the court from which the Supreme Court receives it. As early as *Poindexter* v. *Russell,* 11 Ark. 664 (decided in 1850), this procedure was recognized. In that case there had been an attempted appeal from the Justice of the Peace Court to the Circuit Court and then to this Court. There was some irregularity in the method of appeal from the Justice of the Peace Court. The Supreme Court sent the cause back to the Circuit Court, rather than to the Justice of the Peace Court. So far as I can find, the procedure is uniform that causes are remanded to the court from which they are received. If the People of Arkansas had wanted appeals to be made directly from the Workmen's Compensation Commission to the Supreme Court, they could have so provided; but Ark. Stat. Ann. § 81-1325 (Repl. 1961) provides for appeals from the Workmen's Compensation Commission to the Circuit Court, and from that tribunal to the Supreme Court. We have no right to bypass the Circuit Court on remand; and I therefore respectfully dissent from the order remanding this cause directly to the Workmen's Compensation Commission.