Argued November 2, 1967, affirmed May 15, 1968

## IN THE MATTER OF PETER BRENT ZAUNER, A CHILD
## STATE OF OREGON, *Respondent, v.*
## PETER BRENT ZAUNER,
## *Appellant.*

Marion County Court No. 12065

441 P. 2d 81

*M. Chapin Milbank*, Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

The juvenile, Peter Brent Zauner, was detained in the Marion County Juvenile Center on March 18, 1966. On March 21, 1966, a petition was filed alleging in essence that he had violated the criminal laws of Oregon by stealing some property, and that he was beyond parental control. Six days later the juvenile's mother came to the Juvenile Center. The juvenile authorities believed that the mother and juvenile lived in the State of Washington and released the juvenile to his mother. The case was referred to Washington juvenile authorities who returned the file on March 30, 1966, stating that they had no contact with the juvenile.

The mother had moved back to Marion County a few days after her son had been released to her and

apparently both lived in Marion County thereafter. This was unknown to the Juvenile Department.

On June 15, 1966, the police went to Mrs. Zauner's home and, when her son arrived, returned him to the Juvenile Home. An amended petition was filed June 16, 1966, alleging the same facts as in the original petition but in more detail, and also alleging that the juvenile had been a runaway. Summons was issued on June 17, 1966, and served on the mother the next day. A hearing was held on July 1, 1966.

At the hearing the juvenile's attorney moved for a dismissal upon the ground that the summons had not been timely issued. He relies upon ORS 419.486(1), which provides:

> "Promptly after the petition is filed, there shall be an investigation of the circumstances concerning the child. No later than 60 days after the petition is filed, summons may be issued."

More than 60 days had elapsed between the filing of the original petition and the issuance of summons.

It appears that the summons was issued pursuant to the amended petition because the summons recites the detailed information only stated in the amended petition. The amended petition was filed at the direction of the Juvenile Court. It is not known whether the court acted pursuant to ORS 419.482, providing for the filing of petitions, or ORS 419.500, providing for the amendment of petitions. The record does not contain any explanation why an amended petition was filed.

■ We conclude that the statute has been complied with because the summons was issued pursuant to an amended petition filed just one day before.

This statute was recommended to the legislature by its Interim Committee on Judicial Administration in 1959. That committee's report on this section states:

> "* * * Second, summons must be issued within 60 days after the petition is filed. It has been a practice of some juvenile courts to allow a petition to be filed, call the child in for informal consultation and hold the petition in abeyance as a sanction against violation of the court's informal orders. The committee believes this practice is improper: either the child should be given a full and timely hearing or the petition should be dismissed. Where informal proceedings do not work, of course, the court can authorize a petition to be filed. Where a petition has been filed and the 60 days have expired, the court can authorize a new petition if the circumstances then warrant it."

The Interim Committee believed, as stated, that the court had the authority to authorize the filing of a new petition after 60 days had elapsed from the filing of the original petition and no summons had been issued. We agree with such opinion. There is no statute concerning the filing of successive petitions for the same conduct.

■ The child contends his state constitutional right to have justice "administered * * * without delay" was violated. Oregon Constitution, Art I, § 10. That constitutional provision does not require the final dismissal of a juvenile proceeding when a summons has not been issued within 60 days after the original petition is filed.

■ Under our interpretation of the statute, if summons has not been issued within 60 days after the filing of the petition and the juvenile authorities desire to proceed further, the Juvenile Court will be required to review the case and determine whether a

new petition should or may be filed, and before summons is issued another petition must be filed.

■ It is true that the second petition here was entitled "Amended Petition," and a new case number was not assigned, but we regard this as immaterial. This is not a question of "jurisdiction" such as we decided in *Harp v. State Comp. Dept.*, 247 Or 129, 427 P2d 981 (1967). The important consideration is that a second petition was prepared and filed after some reconsideration by the court.

Affirmed.