Argued July 9, reversed August 22, petition for rehearing
denied September 23, petition for review denied by
Supreme Court November 12, 1969

## HADLOCK, *Respondent, v.* CUPP, *Appellant.*

457 P2d 666

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for appellant. On the brief were Robert Y. Thornton, Attorney General, and Helen B. Kalil, Assistant Attorney General, Salem.

*Kenneth C. Hadley,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

LANGTRY, J.

This is a post-conviction proceeding. Petitioner was indicted January 30, 1962, for armed robbery. In regular proceedings immediately following indictment it was discovered he was then 17 years of age. Pursuant to ORS 419.478 the proceedings were transferred to juvenile court and there, on February 20, 1962, after a hearing, the juvenile court remanded him back to adult court pursuant to ORS 419.533. On February 21, 1962, in the circuit court to which he was remanded, petitioner moved to quash the indictment of January 30, 1962, on the ground it was void. After arguments and briefing, on March 8, 1962, the circuit court denied the motion to quash. On March 9, 1962, petitioner pleaded guilty and was sentenced to seven years' imprisonment.

Petitioner contends that the indictment was void because it was returned prior to the transfer of the case to the juvenile court and remand back to adult court. The circuit court in this post-conviction proceeding agreed with the petitioner and ordered release from imprisonment. The state has appealed.

Was the original indictment void? The answer involves construction of three Oregon juvenile court statutes:

ORS 419.476(1):
"The juvenile court has *exclusive original* juris-

diction in any case involving a person who is under 18 years of age * * *." (Emphasis supplied.)

ORS 419.478:

"If during the pendency of a [criminal] proceeding in any court other than a juvenile court it is ascertained that the age of the [defendant] * * * is such that the matter is within the exclusive jurisdiction of the juvenile court, it is the duty of the court * * * forthwith to *transfer the proceeding* * * * to the juvenile court * * *." (Emphasis supplied.)

ORS 419.533(1):

"A *child* may be *remanded* [by a juvenile court] to a circuit * * * court of competent jurisdiction for disposition as an adult if * * * [certain specific conditions exist]." (Emphasis supplied.)

The foregoing sections are part of a comprehensive juvenile code enacted by the 1959 Oregon Legislature. ORS ch 419. Parts of that act of interest in the determination of this case have been construed in *State v. Zauner*, 250 Or 96, 441 P2d 81, *State v. Zauner*, 250 Or 101, 441 P2d 83 (decided May 15, 1968); *State v. Little*, 241 Or 557, 407 P2d 627, cert den 385 US 902 (1965); and *Brady v. Gladden*, 232 Or 165, 374 P2d 452 (1962).

■ The trial judge in this proceeding took *Brady* to be in point and rested his decision thereon. In *Brady,* the Oregon Supreme Court did indeed indicate that cases involving juvenile defendants must be "initiated" in juvenile court. No other interpretation could be placed upon the wording of ORS 419.476 quoted above. However, it does not logically follow that an indictment which precedes initiation of a juvenile court proceeding involving a 16 or 17-year-old person, as in this case, has no life in it. Legislative intent is to be drawn

reasonably from the entire act, as was done in the *Zauner* cases, supra.

It is well to note that sometimes, as counsel has indicated was true in the case at bar, the juvenile at the time of arrest claims to be over 18. Hence, discovery of his correct age may not come until he is well along in an adult proceeding. In the interval he has relished the error and confusion created by his duplicity. He should not be allowed to benefit from it to the detriment of justice.

■ ORS 419.478 requires the adult court to "transfer the proceeding" to a juvenile court when it discovers the subject person is under 18 years of age. This section does not say or intimate "the proceeding" is void. ORS 419.533 provides that the juvenile court may "remand" the subject person, after hearing, if requisites are met, to adult court. Black's Law Dictionary (4th ed 1957), defines remand, "To send back * * * The sending the cause back to the same court out of which it came for purpose of having some action on it there." Cf. discussion of statutory use of word "remand" in *Greer Lumber Co. v. Doles*, 238 Ark 421, 382 SW2d 189 (1964). If a juvenile is initially charged with a crime in juvenile court and that court "remands" him to adult court pursuant to ORS 419.533, the juvenile court is not "sending him back" to the adult court, for he has not been there. In this situation the statute provides that the child is remanded, not the proceeding. It seems reasonable, therefore, to believe the legislature intended, in some situations, something more than the pure meaning of the word "remand" in the context in which it is used in ORS 419.533. Conceding this to be so, it detracts not at all from the need to give the word its common meaning where applicable, as in the case at bar.

In *State v. Little*, supra, the Oregon Supreme Court, construing this act, said:

> "In the absence of any more certain legislative direction, it is sometimes observed, courts should follow the words of the statute. * * * What the law does not forbid, it allows * * *." 241 Or at 564.

■ If the legislature intended to declare indictments or proceedings void in a case like this, its enactment could have said so. It would have been reasonable also for the legislature to require that the matter be resubmitted to the grand jury if the juvenile court remanded, but such a requirement is not in the statute. Hence, it is reasonable to find legislative intent to have been that the original indictment remains viable.

Petitioner quotes language from *The State v. Elbert*, 115 Conn 589, 162 A 769 (1932), and *Talbott v. Commonwealth*, 166 Ky 659, 179 SW 621 (1915), as being persuasive of the construction of the Oregon act which he urges. Although these cases are not in point, *State ex rel Norfleet v. Swafford*, 184 Tenn 340, 198 SW2d 1007 (1947), is. There, under the same facts, the court interpreted statutory language almost identical to the language in question in the case at bar. The Tennessee law provides for "original, exclusive jurisdiction" of juveniles in the juvenile court, "transfers the case" from adult court to juvenile court, and "remands the child" from juvenile to adult court.

In *Norfleet*, after the adult indictment was returned, the true age of the child was discovered and the case was transferred to juvenile court. The juvenile court remanded him back to adult court where he pleaded guilty and was sentenced. Later defendant brought habeas corpus claiming, as does the petitioner

here, that the original indictment was void. The Tennessee Supreme Court held:

> "* * * [T]he Criminal Court having first assumed jurisdiction by arrest and indictment * * * did not permanently lose jurisdiction of the case. Its jurisdiction was only suspended, subject to being reinstated on 'remand' by the Juvenile Court. In this situation the word 'remand' means to remit and send back a cause to the court from which it was * * * transferred * * *." 184 Tenn at 346.

We hold that the 1962 order of the circuit court denying the motion to quash the indictment was correct. It follows that the lower court judgment in this proceeding was incorrect and it is reversed. The proceeding is dismissed.

Reversed.