Argued November 24, 1969, affirmed January 29, petition
for rehearing denied February 24, 1970. Petition
for review denied by Supreme Court
April 21, 1970

STATE OF OREGON, *Respondent, v.*
PHILLIPS LEE SAUNDERS,
*Appellant.*
464 P. 2d 712

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were John B. Leahy, District Attorney, and H. Thomas Evans, Deputy District Attorney, Eugene.

FOLEY, J.

In 1969 defendant was found guilty by the Lane County Circuit Court and sentenced to two years' imprisonment for being a felon in possession of a concealable firearm, ORS 166.270. At the trial a certified copy of the judgment evidencing defendant's conviction in 1965 of a felony in Tillamook County was introduced. Also received in evidence in the 1969 trial was a record of the Oregon Correctional Institution which indicated defendant was 16 years old when received there from Tillamook County in 1965.

After both the state and defendant had rested, the trial court, *sua sponte,* in a colloquy with both counsel, pointed out that there was nothing in the record concerning the Tillamook County offense to show whether or not the court was aware of his age or whether defendant had ever appeared in juvenile court and been remanded to adult court. After a discussion with counsel, the court held, in essence, that ORS 41.360(16) applied in this case by ruling that there was a presumption that the Tillamook County Circuit Court had acted within its jurisdiction. ORS

41.360 concerns disputable presumptions. Subsection (16) reads as follows:

"(16) A court, or judge acting as such, * * * was acting in the lawful exercise of his jurisdiction."

Defendant appeals contending that there is no presumption in favor of the circuit court's jurisdiction in this situation. He argues that to sustain jurisdiction there must be an affirmative showing of a remand from juvenile court to the circuit court, and that his 1965 conviction is therefore invalid and likewise the present conviction based thereon.

■ The juvenile court in Oregon "has exclusive original jurisdiction in any case involving a person who is under 18 years of age." ORS 419.476(1). Unless proceedings against the juvenile are initiated in juvenile court, and he is then remanded to circuit court, the circuit court is without jurisdiction and any sentence thereunder is void. *Brady v. Gladden,* 232 Or 165, 374 P2d 452 (1962).

■ In the present case we do not know whether the 1965 trial court was aware of defendant's age. The record is silent on this point. We do not presume error, so we presume that the trial court was aware of defendant's age and obtained jurisdiction over him through a proper remand. Therefore, defendant must carry the burden of making an affirmative showing of no remand. He has not done so here.

As stated before, this appeal has not provided us with any information as to what in fact occurred in the 1965 proceedings concerning a remand. This information undoubtedly would have been brought forth had defendant tested the validity of the 1965 judgment by appeal or post-conviction proceedings. "Lack of

jurisdiction of the court to impose the judgment rendered upon petitioner's conviction" is a ground for post-conviction relief. ORS 138.530(1)(b).

Affirmed.