Argued September 23, affirmed October 15, petition for rehearing
denied November 12, petition for review denied
December 22, 1970

# STATE OF OREGON, *Respondent, v.* MARK ALFRED SMITH, *Appellant.*

475 P2d 433

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was convicted by a jury of being a felon in possession of a concealable firearm.

On October 28, 1968, the police stopped the car defendant was driving and arrested the defendant on a bench warrant which was issued after an indictment had been returned against him, charging him with assault with intent to kill. After the police had ordered the defendant out of the car, a search was conducted of it, and a pistol was found under the front seat. Defendant denied knowing the pistol was in the car, and it was shown that the car and the pistol were owned by defendant's mother, who testified she put the pistol in the car.

Prior to the October 28 arrest defendant had been arrested and posted bail on a charge of assault with a dangerous weapon. Both the October 28 charge and the previous charge were based on the same act.

Defendant makes three assignments of error on appeal. The first assignment involves the denial of defendant's motion to suppress the pistol.

■ Defendant contends that since he had been arrested for assault with a dangerous weapon and posted bail, his rearrest after an indictment had been returned against him for assault with intent to kill, was unreasonable, and thus the search of the car was also unreasonable. This assignment is without merit for ORS 140.510 (3) allows the rearrest of a defendant who has given bail "[a]t any time after an indictment against him is found." Furthermore, he consented to the search.

■ Defendant's second assignment of error is that his motion for a directed verdict should have been granted. The motion was based on two grounds, the first of which was that because defendant's prior felony conviction was when he was 17, the state had to show defendant was properly remanded to the adult court. This was in fact shown, because, in addition to the judgment roll of the prior conviction, the remand order was received in evidence. In any event, the burden is on a juvenile defendant to show that there was no remand order. *State v. Saunders,* 1 Or App 620, 464 P2d 712 Sup Ct *review denied* (1970).

■ The second ground for the motion was lack of evidence that the defendant had possession of the pistol found in the car. The pistol was found in the car defendant was driving at a time when he was the only occupant. Circumstantial evidence is sufficient to prove possession. *State v. Miller,* 238 Or 411, 395 P2d 159 (1964).

■ Defendant's last assignment of error is that the court should not have instructed the jury in the language of ORS 166.270 that defendant could be convicted if he had the pistol in his "possession, custody or control," since the word "control" was not used in

the indictment. The indictment alleged defendant had the pistol "in his possession and under his custody." An instruction that correctly states the law and could not reasonably have misled the jury cannot be the basis for reversing a conviction. *State v. Livingston,* 2 Or App 587, 593, 594, 469 P2d 632 (1970).

Affirmed.