Argued May 29, remanded June 25, 1973

STATE OF OREGON, *Respondent, v.*
DANIEL FLORES (No. 72 3001),
*Appellant.*
511 P2d 414

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

This appeal raises the question of the constitutional validity of the procedures by which defendant was sentenced to a term of five years' imprisonment upon a plea of guilty to the crime of criminal activity in drugs in violation of ORS 167.207. A violation of this section is a class B felony, except under certain conditions not involved here, and carries a maximum term of 10 years' imprisonment.

Defendant contends that the trial judge erred in denying defendant's motions "in limine" and to strike certain asserted juvenile violations and criminal convictions from the presentence report. ORS 137.530.

Following his plea of guilty defendant filed the above motions requesting the court to strike from the presentence report prepared by the State Board of Parole and Probation all entries pertaining to six alleged juvenile violations as well as five entries pertaining to adult convictions. Defendant's motion further requested that the court enter an order

"* * * limiting evidence, informational material,

and argument at the time of sentencing to exclude the above enumerated matters."

At the sentencing hearing defendant testified under oath that all six juvenile proceedings had occurred in Texas starting when he was 10 years of age; that there were no court proceedings in any of the instances; that he had been taken before a judge in his office; that he was unrepresented by counsel and was not advised of his rights.

As to his adult criminal violations, defendant's testimony was that in each of the challenged convictions (Texas: 1953, 1954, 1958; Idaho: 1957) he was unrepresented by counsel during plea bargaining, and was not advised of his right to counsel.

The district attorney stated that he was not in a position either to confirm or deny the above statements by defendant.

The trial court took defendant's motions under advisement. Thereafter it ruled that

"* * * a circuit court ought not to entertain a collateral attack upon a prior conviction referred to in a pre-sentence report."

The court then imposed sentence.

It would appear that the trial judge, in denying defendant's motions, concluded that *United States v. Tucker,* 404 US 443, 92 S Ct 589, 30 L Ed 2d 592 (1972), discussed below, would have its application in a post-conviction proceeding, but would not apply to permit a collateral attack at time of sentencing.

In *United States v. Tucker,* supra, the United States Supreme Court was presented with a similar

question. Defendant Tucker was convicted after jury trial of armed bank robbery. At the sentencing proceeding the trial judge "gave explicit attention" to Tucker's three previous felony convictions, and imposed the maximum term authorized by the statute. Several years later it was judicially determined that two of the previous convictions were constitutionally invalid because Tucker was denied his right of counsel. He then moved to set aside the bank robbery sentence. The court, with two justices dissenting and two not participating, held that (1) the rule of *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733 (1963), that the Sixth Amendment right to counsel in criminal prosecutions is obligatory on the states by the Fourteenth Amendment and is fully retroactive, and (2) to permit a conviction obtained in violation of Tucker's right to counsel to be used against him to enhance his punishment is to erode the constitutional right to counsel.

Turning to the case at bar, we are unable to ascertain from the record if the trial judge, in determining what sentence to impose on defendant, gave consideration to the challenged juvenile violations and felony convictions, or what weight he gave to them. In the absence of some affirmative indication that he did not consider these entries, we can only infer from his ruling that he considered the presentence report in its entirety.

■ Applying the rule announced in *United States v. Tucker,* supra, to the case at bar, we hold that the trial judge was in error in concluding that defendant was not entitled to collaterally attack any felony conviction shown in the presentence report which was obtained in a proceeding where defendant was unrepresented

by counsel, or was not advised of his right to counsel, or did not intelligently waive his right to counsel. Accordingly, we must remand for reconsideration of the sentence previously imposed.

■ As to the entries in the presentence report pertaining to defendant's juvenile violations, we note that *United States v. Tucker,* supra, involved felony convictions only. The United States Supreme Court has not, so far as we can determine, held that *In re Gault,*[①] 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), is to be applied retroactively. However, in *Powell v. Hocker,* 453 F2d 652 (9th Cir 1971), the court held that the standards of due process laid down in *Gault* applied retroactively to a Nevada juvenile transfer hearing where defendant did not have counsel and was not advised as to his right to counsel. To the same effect see, *Workman v. Cardwell,* 338 F Supp 893 (ND Ohio 1972). It is our conclusion that the trial judge was in error if in fact he also concluded that the entries pertaining to the pre-*Gault* juvenile violations above described, in which defendant was unrepresented by counsel, were not subject to collateral attack here.

■ As to the proceedings at the new sentencing hearing, the burden of proof as to the asserted invalidity of the convictions shown in the presentence report is upon the defendant. However, the defendant having already testified under oath that the convic-

---

[①] In In re Gault, 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), the court held that the due process clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child.

tions were invalid, the state now has the burden of going forward with the evidence necessary to disprove defendant's testimony by obtaining and presenting to the court judicial records, if obtainable, of the claimed convictions and juvenile proceedings.

■ Lastly, we point out that by our decision we are not holding that the trial judge, in determining the sentence to be imposed, may not consider any information other than valid convictions. A sentencing court is entitled to consider a criminal defendant's prior involvement with the law, even when that involvement does not result in conviction. *State v. Scott*, 237 Or 390, 399-400, 390 P2d 328 (1964); *State v. Hargon*, 2 Or App 553, 557-58, 470 P2d 383 (1970).

Remanded.