Argued and submitted September 23, affirmed November 4,
reconsideration denied December 11, 1974, petition for
review allowed January 21, 1975

STATE OF OREGON, *Respondent, v.* RAYMOND
RUSSELL GRISBACK, JR. (No. 74 1004),
*Appellant.*
527 P2d 745

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted of violating ORS 166.-270,[1] which prohibits a convicted felon from possessing

---

[1] ORS 166.270 provides:

"Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

a concealable firearm. He appeals contending that the trial court erred: (1) In denying defendant's motion to suppress the gun, and (2) in denying defendant's motion for a judgment of acquittal.

The case arose out of a gun-pointing incident occurring at a private residence in Springfield on the morning of February 14, 1974. At approximately 9:20 a.m., three city police officers were dispatched to the residence in question, where defendant and a woman were living together, in response to the gun-pointing complaint. While Officer Madden stationed himself outside the duplex, Officers Lenhart and Wisdom went to the door of the residence armed with shotguns. The woman answered the door and stated that she wanted defendant out of the house because he had threatened her with a gun. Officer Lenhart then asked her where the gun was located; she said it was in the bedroom closet under a white blanket. Officer Lenhart proceeded into the house and approached defendant, who was seated on a couch in the living room. Officer Lenhart asked defendant where the gun was located, and he said it was located in the bedroom closet under a white blanket. After telling defendant to remain where he was, Officer Lenhart went upstairs to the bedroom closet and seized a handgun. While Officer Lenhart was upstairs Officer Wisdom remained with defendant. After Officer Lenhart returned with the pistol, the officers made further inquiries into the events, and after defendant volunteered to leave the officers prepared to depart. However, before leaving, the officers were advised by radio that defendant was wanted on a bench warrant on a charge of permitting a dog to run at large. The officers, now joined by a fourth officer, arrested defendant and took him to the police station.

■ We will consider defendant's second assignment of error first. At trial defendant moved for a judgment of acquittal on the theory that his prior conviction, assault with great force,[®] a felony at the time of his conviction in 1969, was reclassified as a misdemeanor by the 1971 Oregon legislature. He argues that his possession of a concealable firearm does not make him subject to ORS 166.270 because a prior conviction under that statute must be a felony and his assault conviction is no longer a felony under present Oregon law.

The trial court denied defendant's motion, and he makes the same argument on appeal to this court. Defendant relies on *State v. Tippie*, 269 Or 661, 525 P2d 1315 (1974), handed down by our Supreme Court subsequent to his conviction. However, the two cases present different situations and this difference prevents us from applying the holding of *Tippie* to this case.

In *Tippie* the defendant pleaded guilty in Washington to the crime of attempted grand larceny. At that time, March 1971, that crime was a felony in both Oregon and Washington, the property which defendant attempted to steal being valued at more than $75. In 1971 the Oregon legislature reclassified the crime for which defendant was convicted by raising the value of the property involved to $200 and, therefore, the crime of attempt to commit a theft was reduced to a misde-

---

[®] ORS 163.255 provided:

"Any person, not being armed with a dangerous weapon, who assaults another or who commits any assault and battery upon another by means of force likely to produce great bodily injury shall be punished upon conviction by imprisonment in the penitentiary for not more than five years." (Repealed Oregon Laws 1971, ch 743, § 432, p 2002.)

meanor. The Supreme Court held that a prior conviction must presently be a felony in Oregon in order for a defendant to be subject to ORS 166.270, and reversed defendant's conviction.

The defendant in the case at bar, after pleading guilty, was convicted in 1969 of assault with great force and sentenced to three years' imprisonment. ORS 163.255 (repealed Oregon Laws 1971, ch 743, § 432, p 2002). When the 1971 legislature adopted the new criminal code, assault crimes were recategorized into degrees.[9] The degree of the assault charged is de-

---

[9] ORS 163.165 provides:

"(1) A person commits the crime of assault in the third degree if he:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the third degree is a Class A misdemeanor." (Amended Oregon Laws 1971, ch 743, § 92, p 1904.)

ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon.

"(2) Assault in the second degree is a Class C felony." (Amended Oregon Laws 1971, ch 743, § 93, p 1904.)

ORS 163.185 provides:

"(1) A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the first degree is a Class B felony." (Amended Oregon Laws 1971, ch 743, § 94, p 1905.)

termined by three factors, either singly or in combination:

"(1) The actor's culpability or motivation for the assault;

"(2) The seriousness of the injury actually inflicted or intended by the actor;

"(3) The dangerousness of the means employed by the actor to inflict injury." Proposed Oregon Criminal Code 93, Commentary § 94 (1970).

Defendant argues that because the state did not allege that the assault for which he was convicted resulted in serious injury to the victim, and that because the judgment from his conviction provided no evidence of an assault resulting in serious injury to the victim, the gravest offense for which he would be guilty under the present criminal statutes is assault in the second degree, a Class A misdemeanor. He argues, therefore, that under the rationale of *Tippie* his conviction should be reversed.

We cannot agree with defendant's argument that *Tippie* is dispositive under the facts presented here.

In *Tippie* a simple statutory change was involved. A trial court could readily determine simply by comparing the monetary amounts in the two statutes under consideration that the crime of which Tippie had previously been convicted had since been reclassified as a misdemeanor.

In the case at bar a far different fact situation is presented. In order to pass upon defendant's contention that the 1969 assault conviction is no longer considered a felony, the trial judge is required to make a factual inquiry, viz.: Did defendant inflict serious injury upon the victim? It must be remembered that the 1969 case never came to trial. Defendant pleaded

guilty. We would assume from this that there is no transcript. Presumably, only the defendant, the victim, and the witnesses to the assault, if any, can now provide these facts. The state of course had the burden of proving (a) that defendant was an ex-felon and (b) that he was in possession of a concealable firearm. ORS 166.270. By introducing into evidence a duly certified copy of the defendant's 1969 felony conviction, the state established prima facie that defendant was an ex-felon. Under the facts at bar if defendant wished to show that his prior unlawful conduct is no longer considered a felony in Oregon, should he not have the burden of making an affirmative showing of whatever facts he believes support this contention?

This court was confronted with a similar contention in *State v. Saunders,* 1 Or App 620, 622, 464 P2d 712, Sup Ct *review denied* (1970). In *Saunders* defendant was also convicted of the crime of being an ex-felon in possession of a concealable firearm. On appeal defendant contended that his prior felony conviction in 1965 was invalid because the record showed that he was only 16 years old when he was received at the correctional institution on the prior felony conviction.

In affirming the conviction on the gun-possession charge this court stated:

"* * * We do not presume error, so we presume that the [1965] trial court was aware of defendant's age and obtained jurisdiction over him through a proper remand. *Therefore, defendant must carry the burden of making an affirmative showing of no remand. He has not done so here."* (Emphasis supplied.)

*See also, State v. Flores,* 13 Or App 556, 511 P2d 414 (1973).

As in *State v. Saunders,* supra, under the facts in the instant case, the burden of making an affirmative showing that the crime for which defendant was convicted is no longer a felony in order to overcome the state's prima facie proof of the felony conviction should be upon the party making that contention. Defendant made no effort to present to the trial court any factual material upon which the trial court could determine how to characterize his prior assault conviction under present Oregon law. Absent these facts surrounding the prior conviction the court below would have no basis for determining the validity of defendant's contention. Under the above circumstances we do not think that the state had the burden of exhuming and proving the facts surrounding the 1969 assault.

■ Defendant's other assignment is that the trial court erred in not suppressing the pistol in question since exigent circumstances supporting the warrantless search did not exist.

Defendant's contention is without merit. As in *State v. McGee,* 7 Or App 574, 492 P2d 489 (1972), there was ample evidence from which the trial judge could and did find at the hearing on defendant's motion to suppress that the officers were lawfully on the premises investigating the gun-pointing incident; that they had a reasonable basis for suspecting that a felony, namely, assault with a dangerous weapon, had been committed; that they knew of the presence of the gun in the house and its location by the statements of both the woman and the defendant. The officers were therefore authorized to seize the gun immediately and hold it as the instrument used in the commission of the suspected crime in order to prevent its loss or destruction.

In another gun-pointing case, *State v. Evans,*

10 Or App 602, 500 P2d 470 (1972), Sup Ct *review denied* (1973), the arresting officers had received a report that an escaped felon might be at the home of the escapee's mother and stepfather. They went to the dwelling and were allowed to enter by the mother. In response to the officer's inquiry as to the escapee's whereabouts, the mother pointed toward a bedroom door. When the officers started to enter the bedroom to take the escapee into custody, he pointed a pistol at them, and they immediately withdrew. Several minutes later the escapee's stepfather persuaded the escapee to submit to arrest and go with the officers. After he was placed in the police car one of the officers returned to the house and obtained the pistol from the bed on which the escapee was sitting at the time of the gun-pointing incident. The trial court held that the seizure of the pistol without a warrant was unlawful. This court reversed holding that the seizure of the gun was all part of "a continuous transaction," and that "* * * [i]t does not square with common sense that the arresting officer must abandon the gun at this juncture until he obtains a search warrant." *State v. Evans,* supra at 606.

Affirmed.

SCHWAB, C. J., dissenting.

It is the duty of the state to prove guilt, not of a defendant to disprove it. In order to establish guilt the state must prove all of the essential elements of a crime. In the case at bar the state was required to prove: (1) on February 14, 1974, defendant possessed a concealable weapon; (2) prior to February 14, 1974, defendant had been convicted of a felony; and (3) the offense which was the basis of the prior felony conviction must have been such that it would

have constituted a felony under present Oregon law. *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974).

As the majority opinion concedes, there is no evidence in the record from which it can be determined whether or not the acts which were the basis of defendant's prior felony conviction would have constituted a felony under present Oregon law. It follows that there has been a failure of proof of an essential element by the state and that the motion for judgment of acquittal should have been allowed.

*State v. Saunders,* 1 Or App 620, 464 P2d 712, Sup Ct *review denied* (1970), cited by the majority, has no relevance to the issue before us. In *Saunders* we held only that a defendant challenging the validity of a previous conviction had the burden of going behind the record to show its invalidity. Here no one questions but that the defendant was previously duly convicted of an act which was a felony at the time of conviction. The sole question here is, "Does that judgment demonstrate, even prima facie, that it resulted from an act which would constitute a felony today?"

For the foregoing reason I respectfully dissent.