Argued November 10, affirmed December 7, 1960

# STATE OF OREGON *v.* FOWLER
### 357 P. 2d 279

202

Bruce R. Avrit and F. Gordon Cottrell, Eugene, argued the cause for appellant. On the brief were Barber & Cottrell and Ramstedt & Avrit, Eugene.

Kenneth A. Morrow, Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

Before McAllister, Chief Justice, and Sloan, O'Connell, King and Howell, Justices.

SLOAN, J.

Defendant was originally charged on a district attorney's information of the crime of robbery, being armed with a dangerous weapon. He was tried and convicted. During the course of the trial defendant had challenged the sufficiency of the allegations of the information. The information had not specifically alleged that money was taken from the "person" of the victim. Defendant had contended that this omission was fatal. After verdict he moved for arrest of judgment on the same ground. The court allowed that motion and ordered the case submitted to a grand jury. The grand jury returned an indictment charging the same crime. When called for trial on the indict-

ment defendant entered a plea of double jeopardy which was denied. He was tried and convicted. He now appeals from the judgment of a life sentence which followed. The problem of double jeopardy is the real issue in the case.

The statute, ORS 136.810 *et seq.*, provides that a motion for arrest of judgment can only be granted when it appears that: (1) indictment was found by a grand jury which had no legal authority to inquire into the crime because the crime charged was not triable in the county, or (2) that the indictment does not allege facts sufficient to charge a crime. The motion for arrest of judgment is in part, therefore, in the nature of a demurrer to the indictment after conviction. It is interesting to note that these particular statutes have been unamended since 1864. Even so, the court has never directly considered them.

ORS 136.820 provides that:

"Effect of allowance of motion. The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before indictment was found."

And ORS 136.830 gives the trial court the power to resubmit the case to the grand jury if the court believes there is "reasonable ground" to believe the defendant guilty and that a "new indictment can be framed upon which he may be convicted, * * *."

■ We interpolate here to mention that the state claims the original information was sufficient so that the trial court was in error when it granted the motion to arrest judgment. We will not consider the question: The state had the right to appeal from that decision of the trial court, ORS 138.060. So that ruling is now the law of this case.

The statutes follow the common law. Archibald, Criminal Pleading, Evidence and Practice, (34th Ed, 1959) p 216, citing 4 Bl Com 375 and Vaux's Case, 4 Co Rep 45 a, to support the statement that if a judgment is arrested "this will be no bar to a fresh indictment."

It is not contended that the statutes cited which permit the trial court to hold the case for further grand jury consideration violate any constitutional rights. Defendant's argument is that in the original trial he could have been found guilty of the lesser offense of assault with a dangerous weapon or of larceny. He says that the trial court, in the first trial, should have granted a directed verdict on the charge of armed robbery and submitted to the jury the lesser offenses. As a result, he says, he was in jeopardy for the lesser offenses at the first trial.

The weakness of defendant's argument is that in the first trial he did not request the trial court to submit the issue to the jury. And, it was, of course, upon defendant's motion to arrest the judgment that the trial court held that the information was bad.

We have found no authority that would sustain defendant's argument. The cases found would support the view that when a motion for arrest of judgment is sustained, the defendant is bound thereby.

"* * * The legal effect of a judgment arresting the judgment on an indictment is that the indictment is void. When the accused in a criminal case, after conviction, invokes and obtains a judgment arresting the judgment on the ground that the indictment was defective, he will not thereafter be heard to allege that the indictment was in fact good; and it is immaterial, in a subsequent trial of an indictment charging an offense growing out of the same transaction, whether the indictment

upon which the judgment was arrested was good or bad. So far as the rights of the accused are concerned, it was a bad indictment, for he has invoked and obtained a solemn judgment of the court to that effect, and will not be allowed to impeach it. * * *" *Hill v. Nelms,* 1905, 122 Ga 572, 573, 50 SE 344.

"But it is urged that the allowance of a motion in arrest of judgment was equivalent to an acquittal by a court or jury, and hence a bar to further proceedings in the case. In our opinion, it does not so operate as an acquittal. The granting of a defendant's motion in arrest of judgment shows that error exists in the indictment, or has occurred in subsequent proceedings, and that in the interest of justice the error should be corrected. The motion may be aimed at a defective indictment, the granting of which leaves the defendant in the same position he occupied before indictment. State v. Stephenson, 69 Kan. 405, 76 P. 905, 105 Am. St. Rep. 171, 2 Ann. Cas. 841. In this event he could not be heard, thereafter, to say that the indictment was valid and that jeopardy had attached. Hill v. Nelms, 122 Ga. 572, 50 SE 344. Where the judgment is arrested on motion of the defendant, after verdict, it is held that the accused is not put in jeopardy by such trial and may be tried again upon the same indictment. Phillips v. People, 88 Ill. 160. Whenever the judgment of a court is arrested upon a defendant's motion 'all proceedings subsequent to the error discovered should be set aside, and proceedings de novo had, beginning at the point where the first error was committed.' Phillips v. People, supra, page 163. * * *" *Pratt v. United States,* 102 F2d 275, 279 (US App DC, 1939), an opinion by Justice Fred M. Vinson while a member of that court.

Although the Supreme Court of the United States has not considered this particular question, the Court has held that it does not constitute double jeopardy

to compel a new trial. *Wade v. Hunter,* 1948, 336 US 684, 69 S Ct 834, 93 L Ed 974; *Green v. United States,* 1957, 355 US 184, 78 S Ct 221, 2 L Ed2d 199, 61 ALR2d 1119. Generally, the court has said:

> "* * * The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. * * *" *Wade v. Hunter,* supra, at 93 L Ed 978.

■ We are compelled to hold that when a motion to arrest judgment is allowed, within the limited causes of our statute, then the entire proceeding begins *de novo.* That is, of course, if the trial court finds "reasonable grounds" to believe the defendant guilty of the crime charged and that a proper indictment can be "framed."

We recognize that this court has held that a defendant cannot be re-tried for a greater offense than that for which he was convicted if, on appeal, this court finds reversible error in trial proceedings. Thus, in *State v. Steeves,* 1896, 29 Or 85, 43 P 947, the defendant was charged in an indictment with first degree murder. He was convicted of the included offense of manslaughter. On the appeal this court found reversible error and ordered a new trial. But the new trial was held to be limited to the guilt or innocence of the defendant for no greater degree of the offense than that for which he had been convicted.

■ In the instant case the jury had found the defendant guilty of armed robbery. No lesser offense was submitted or requested. There was ample evidence to

support the belief of the trial court, after the first trial, that reasonable grounds existed to hold defendant guilty of the crime charged.

The court did not err when it denied the plea of double jeopardy in this case.

We will particularly notice one other assignment.

■ After the indictment was returned herein, defendant moved the court for an order requiring the county to provide defendant with a complete transcript of the first trial. Defendant assigned as his reason for this request that he would need the transcript in order to prepare for the second trial and to enable him to be prepared to impeach any of the witnesses. The trial court denied the motion.

Defendant relies on *Griffin v. Illinois,* 1956, 351 US 12, 76 S Ct 585, 100 L Ed 891, 55 ALR2d 1055, and the cases that hold that a defendant is entitled to an attorney to aid in his defense. We do not construe any of these cases to require such a drastic innovation as that demanded in this case. If the trial judge were convinced that some particular portion of the transcript of a prior trial were essential to a defense in a subsequent trial, we have no doubt that he would be empowered to order it. But there was no requirement that an entire transcript be provided for the purposes claimed here.

■ The defendant requested a directed verdict of acquittal. It was not error to refuse the request. The evidence of guilt was compelling. The court would not have been justified in allowing the motion.

We have examined the other assignments. None of them would justify a reversal and a third trial. The claims of error did not deprive defendant of a fair trial. He was ably and energetically defended by ap-

pointed counsel. His appeal has been presented with most commendable care and attention by his appointed attorneys. It has been mentioned that the evidence of guilt was strong. There is no necessity of detailed mention of the assignments. The judgment, therefore, is affirmed.