Argued November 2, affirmed December 17, 1973, petition for
reconsideration denied January 23, petition for review
allowed March 5, 1974. See later issue Oregon Reports

# STATE OF OREGON, *Respondent, v.* STEPHEN GREGORY TIPPIE (No. C 72-11-3449 Cr), *Appellant.*

517 P2d 1063

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem. A supplementary brief was filed by appellant Stephen Gregory Tippie, pro se.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

After trial to the court, defendant was convicted of the crime of being an ex-convict in possession of a concealable firearm. ORS 166.270.[1] On appeal defendant alleges error by the trial court (1) in holding that defendant's prior conviction under a Washington statute constituted a prior felony conviction under ORS 166.270, and (2) in overruling defendant's objection to certain cross-examination by the prosecuting attorney. Defendant has also urged this court to consider additional errors not specified in his brief, but raised in a

---

[1] ORS 166.270 provides:

"Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

pro se document submitted in letter form. The issues that defendant argues, however, do not differ substantively from those raised by his brief.

On November 4, 1972, two Portland police officers stopped defendant's automobile for speeding. When the officers approached defendant's car, one officer observed the barrel of a rifle protruding from underneath a blanket on the rear seat. The other officer thereupon performed a standard "pat down" search of defendant. The officer discovered a loaded .25 caliber automatic pistol in defendant's jacket pocket. Defendant does not challenge the validity of this search.

At trial the state introduced into evidence a certified copy of a document entitled "Order Deferring Imposition of Sentence (Probation)," from the Superior Court of King County, Washington. This document recites that on March 5, 1971, defendant entered a plea of guilty to "the crime of ATTEMPTED GRAND LARCENY committed on or about the 6th day of August, 1969." On March 26, 1971, the Washington court entered an order deferring imposition of sentence for a period of three years and placing defendant on probation. Supervision of defendant was transferred to Oregon probation officers during the summer of 1971.

Defendant argues that he does not have a prior "conviction" because under Washington law, following completion of the above-described probationary period, the court, upon motion of defendant, has the discretion to withdraw the guilty plea, enter a plea of not guilty and dismiss the indictment against him.[2] Defendant further argues that because there is no final judgment

---

[2] RCW 9.95.200 and 9.95.240.

until sentencing, *State v. Farmer,* 39 Wash2d 675, 237 P2d 734 (1951), he has not been "convicted" until he is sentenced by the Washington court.[9]

The issue raised by defendant's first assignment of error is: Does the prior Washington proceeding amount to a "conviction" within the meaning of ORS 166.270? This issue involves the *status* of defendant at the time of the alleged violation of ORS 166.270. *State v. Anderson,* 241 Or 18, 403 P2d 778 (1965); *United States v. Liles,* 432 F2d 18 (9th Cir 1970).

Defendant argues that under Washington law he has not been "convicted." Defendant's interpretation of Washington law is not supported by the decided cases. In *In re Brandon v. Webb,* 23 Wash2d 155, 160, 160 P2d 529 (1945), the court said that a plea of guilty "is a confession of guilt and is equivalent to a conviction." *See also, Cooke v. Swope,* 28 F Supp 492 (DC Wash 1939); *In re Towne,* 14 Wash2d 633, 129 P2d 230 (1942); *State v. Tate,* 2 Wash App 241, 469 P2d 999 (1970). *But cf., State v. Mitchell,* 2 Wash App 943, 472 P2d 629 (1970).

In *Matsen v. Kaiser,* 74 Wash2d 231, 443 P2d 843 (1968), the court held that a felony conviction which has been dismissed under RCW 9.95.240 does not render a person ineligible to hold an elective office under a statute prohibiting a convicted felon from holding office. RCW 9.92.120. However, four concurring justices said that a plea of guilty, together with an order deferring imposition of sentence under RCW 9.95.200,

---

[9] There are significant differences between a deferred sentence (RCW 9.95.200) and a suspended sentence (RCW 9.92.060). *See,* State v. Davis, 56 Wash2d 729, 355 P2d 344 (1960). Oregon has a single statute which allows the court to "suspend the imposition or execution of sentence." ORS 137.010 (2).

is a "conviction." 74 Wash2d at 239 (concurring opinion). Three dissenting justices also agreed that "a plea of guilty in itself constitutes a conviction." 74 Wash2d at 240 (dissent).

■ We conclude, therefore, that under Washington law defendant's plea of guilty, together with the court order deferring sentence, is a "conviction" within the meaning of a statute prohibiting convicted felons from possessing concealable firearms. *See, People v. Banks,* 53 Cal2d 370, 1 Cal Rptr 669, 348 P2d 102 (1959); *cf.,* 1965-66 Wash Att'y Gen Op No 120; 1969 Wash Att'y Gen Op No 5.

We next consider whether defendant's Washington conviction constitutes a conviction of a felony for purposes of ORS 166.270.

ORS 166.270 does not define the term "conviction," as used in that statute. However, our Supreme Court has held that

> "* * * probation accompanied by *suspension of imposition of sentence* or suspension of sentence pronounced is a conviction within the meaning of * * * [ORS 166.270] * * *." *State v. Cartwright,* 246 Or 120, 146, 418 P2d 822 (1966), *cert denied* 336 US 937 (1967). (Emphasis supplied.)

*See, State v. Brown,* 7 Or App 5, 488 P2d 856 (1971), *reversed on other grounds* 262 Or 442, 497 P2d 1191 (1972); *State v. Anderson,* 10 Or App 34, 497 P2d 1218, Sup Ct *review denied* (1972).④ Thus it also appears that under Oregon law defendant has been convicted.

---

④ *But see,* State v. Bouthillier, 4 Or App 145, 476 P2d 209, 479 P2d 512 (1970), Sup Ct *review denied* (1971). *Bouthillier* stands for the proposition that for the purpose of impeaching a witness by proof of a prior conviction, the order entering a jury verdict is not a "record of the judgment" as required by ORS 45.600.

■ A prior felony conviction within the meaning of ORS 166.270 includes a conviction obtained in another state. *State v. Jones,* 4 Or App 447, 479 P2d 1020 (1971). *See also, State v. Anderson,* 241 Or 18, 403 P2d 778 (1965); *Bailleaux v. Gladden,* 230 Or 606, 370 P2d 722 (1962); *State v. Cory,* 204 Or 235, 282 P2d 1054 (1955); 22 Op Att'y Gen 378 (Or 1944-46).

Defendant pleaded guilty to attempted grand larceny committed on August 6, 1969. Under Washington law this offense is a felony if the value of the subject property exceeds $75. RCW 9.54.090 (6), 9.01.070, 9.01.020. Under the Oregon statutes in effect at the time defendant committed the above offense in Washington, attempted grand larceny involving property valued in excess of $75 was also characterized as a felony. ORS 164.310 (repealed Oregon Laws 1971, ch 743, § 432, p 2002), and ORS 161.090 (repealed Oregon Laws 1971, ch 743, § 432, p 2002). Under the Oregon Criminal Code of 1971, in effect at the time of the instant offense, the crime of attempted grand larceny is characterized as the crime of attempted theft, a misdemeanor. ORS 161.405, 164.045, 164.055. However, we do not believe that this change in characterization affects defendant's status as a convicted felon for the purpose of charging him under ORS 166.270.

In *State v. Robinson,* 217 Or 612, 343 P2d 886 (1959), the court said:

"A firearm of the kind described in ORS 166.270 is plainly dangerous, especially if possessed by one whose past conduct revealed a disregard for law and the normal moral restraints. The legislature, in writing that act, was attempting to prevent crimes of the kind in which concealed weapons play a part. It was not concerned with the type of individual who owns a gun but whose past conduct has revealed

no indication that he will misuse it. It had in mind two classes of individuals who possess firearms capable of concealment on the person: (1) those whose past conviction of a felony showed an unsocial attitude and (2) unnaturalized aliens * * *. The legislature evidently believed that ex-convicts who possess firearms of the kind described in ORS 166.270 are more likely to commit evil than if they are forced to remain unarmed * * *. By his own felonious conduct he classifies himself and places himself in a category different from that composed of the law abiding * * *." 217 Or at 616-17.

The legislature in enacting ORS 166.270 has determined that a person whose past conduct has demonstrated his disregard for the laws of society represents "a greater threat to the public safety when in possession of a concealable firearm than when not." *State v. Cartwright*, 246 Or 120, 135, 418 P2d 822 (1967). In view of this legislative policy, we conclude that defendant's Washington felony conviction, for an offense which, if committed in Oregon, would have been a felony when committed, is a prior felony conviction within the meaning of ORS 166.270.[9]

Defendant's second assignment of error is that the prosecuting attorney's cross-examination of defendant concerning his possession of firearms was improper under ORS 139.310.

Defendant took the witness stand in his own defense. On direct examination, however, defendant testified only as to matters concerning the prior Washington offense. On cross-examination the prosecutor

---

[9] ORS 161.035 (2) provides that the Oregon Criminal Code of 1971 does not apply to offenses committed prior to January 1, 1972. Had the legislature intended these changes in the characterization of crimes to affect the classification of persons in ORS 166.270, we believe that they would have so provided, as was done in the dangerous offenders statute, ORS 161.725.

immediately began to question defendant about the circumstances of the Oregon gun incident out of which the instant case arose.

Defendant's counsel objected to the questions as outside the scope of the direct examination. The court overruled this objection.

Defendant then stated:

"I believe I have the opportunity of refusing to answer that question on the grounds that it might tend to incriminate me."

The trial judge overruled defendant's claim of self-incrimination, stating:

"You cannot exercise that Constitutional right. You have taken the stand in your own defense now and the District Attorney has the right to interrogate you with respect to any facts surrounding the commission of this crime."

Defendant contends this was error.

In its brief the state argues that it was "entitled to elicit information from defendant on cross-examination concerning his lack of concern in the matter at hand * * *," citing *State v. Delaney*, 221 Or 620, 332 P2d 71, 351 P2d 85 (1960), and *State v. Cruse*, 231 Or 326, 372 P2d 974 (1962).

We agree with defendant. ORS 139.310 provides:

"* * * The defendant or accused, when offering his testimony as a witness in his own behalf, gives the prosecution a right to cross-examination upon all facts to which he has testified and which tend to his conviction or acquittal."

ORS 45.570 provides:

"The adverse party may cross-examine the witness as to any matter stated in his direct examina-

tion, or connected therewith, and in so doing may put leading questions; but if he examines him as to other matters, the examination is subject to the same rules as a direct examination."

In *State v. Lurch*, 12 Or 99, 102, 6 P 408 (1885), the court said:

"* * * The statute of the State, which allows the accused in such a case to be a witness, provides that when he offers his testimony as a witness in his own behalf, he shall be deemed to have given to the prosecution a right to cross-examine him upon all facts to which he has testified, tending to his conviction or acquittal * * *. But this does not compel him to be a witness against himself beyond such cross-examination. The humane principle of the law, that a party shall not be compelled to be a witness against himself, otherwise remains in full force, and is as effectually violated when the cross-examination of the accused is extended beyond the facts to which he has testified, as it would be if he were to be called and made to testify at the instance of the State * * *. The cross-examination in such cases must be strictly confined to the facts testified to by the accused. The law throws around him in such case an immunity which ought to be sacredly maintained."

See also, *State v. Ewing*, 174 Or 487, 149 P2d 765 (1944).

■ The questions asked of defendant by the prosecuting attorney were in no way related to defendant's testimony on direct examination. They were not permissible under ORS 139.310, and it was error for the court to overrule defendant's objections to them and to deny defendant's claim of self-incrimination. However, our examination of the record reveals that the exclusion of this cross-examination would not have changed the result in this case. The state had already

offered substantial probative and uncontroverted evidence of defendant's guilt. This evidence was independent of the improper cross-examination complained of. Defendant did not challenge the traffic stop or the search which disclosed the pistol. The trial judge's ruling on the challenged cross-examination therefore was harmless error. *State v. Naughten,* 5 Or App 6, 480 P2d 448, Sup Ct *review denied* (1971), citing *Chapman v. California,* 386 US 18, 87 S Ct 824, 17 L Ed 2d 705, *reh denied* 386 US 987 (1967).

Our conclusion does not mean that every such error by the prosecutor, upon cross-examination of a criminal defendant, is harmless error. However, in the facts of the case at bar, the error herein was "harmless beyond a reasonable doubt." *Chapman v. California,* supra at 24.

Affirmed.

SCHWAB, C. J., dissenting.

It is not per se a crime to possess a concealable firearm. ORS 166.270 declares that it is a crime for "* * * any person who has been convicted of a felony * * *" to do so. It is clear to me the Oregon legislature in adopting this statute was saying that it thought it dangerous to allow a person who had committed a serious crime (a felony) to possess a concealable firearm. In enacting this statute the legislature did not precisely define what would constitute a felony conviction as it did in the now repealed Habitual Criminals Act, ORS 168.015 et seq., and as it did in the current "dangerous offender" statute, ORS 161.725.① Under

---

① ORS 161.725:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an

both the former Habitual Criminals Act and under ORS 161.725 (3) (c), a felony conviction in another state cannot be considered unless the offense which led to that conviction *is presently* a felony in Oregon.

Turning to the case at bar, I agree that the Washington conviction was a felony conviction under Washington law. However, on the date the defendant was arrested in Oregon for carrying a concealable firearm, the act which had resulted in his felony conviction in Washington was only a misdemeanor in Oregon. Therefore, on the date defendant was carrying the firearm he was not a person who had previously committed a serious crime, a felony, as measured by contemporary Oregon standards.

While there apparently is no legislative history which indicates that in enacting ORS 166.270 the legislature intended to use the same definitions of "felony" that it did in the Habitual Criminals Act and in the "dangerous offender" statute, it is clear to me that in all of the instances the legislature had a similar goal— that of placing restrictions on persons who had been

extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"* * * * *

"(3) As used in this section, 'previously convicted of a felony' means:

"* * * * *

"(c) Previous conviction by a general courtmartial of the United States or in a court of any other state or territory of the United States, or of the Commonwealth of Puerto Rico, of an offense which at the time of conviction of the offense was punishable by death or by imprisonment in a penitentiary, prison or similar institution for a term of one year or more and which offense also at the time of conviction of the instant crime would have been a felony if committed in this state.

"* * * * *."

previously convicted of serious crimes. I believe that if the legislature had decided to precisely define what constituted a cognizable felony under ORS 166.270, it would have adopted the same definitions that it did in the other Acts.

Since my view of this case would result in an outright reversal, under that view it would not be necessary to reach the second issue decided by the majority opinion. However, I wish to note that it is difficult for me to say that if, under *State of Oregon v. Lurch,* 12 Or 99, 6 P 408 (1885),[2] the cross-examination of the defendant was error, it was nevertheless nonprejudicial. The defendant pled not guilty. This plea put in issue two matters: (1) Was the Washington conviction cognizable as a felony conviction?; (2) Did he possess a concealable firearm at the time of his arrest? As I understand the record, during the challenged cross-examination the prosecutor elicited from defendant the statement that he was in fact carrying such a weapon. While I agree that the record indicates that the trier of fact would probably have found this to be a fact, even absent such testimony from defendant, I do not agree that we can say that this, beyond any reasonable doubt, would have been the result.

For the foregoing reasons I respectfully dissent.

---

[2] The wisdom of the proposition for which the majority cites State of Oregon v. Lurch, 12 Or 99, 6 P 408 (1885), is questionable: "* * * [T]he accused may limit his direct examination to some single aspect of the case * * * and then invoke the court's ruling that the cross-examination be limited to the matter thus opened. Surely the according of a privilege to the accused to select out a favorable fact and testify to that alone, and thus get credit for testifying but escape a searching inquiry on the whole charge, is a travesty on criminal administration * * *." McCormick, Evidence 49-50 (hornbook series, 1st ed 1954).