Argued April 3, reversed September 9, petition for rehearing
denied October 15, 1974

STATE OF OREGON, *Respondent, v.*
STEPHEN GREGORY TIPPIE, *Petitioner.*

525 P2d 1315

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

DENECKE, J.

The defendant was convicted of being a convicted felon in possession of a concealable weapon. The Court of Appeals affirmed the conviction, 15 Or App 660, 517 P2d 1063 (1973). We granted the defendant's petition for review.

The case presents a problem because the crime for which defendant was originally convicted was not a felony in Oregon at the time the defendant was apprehended for possession of a concealable weapon.[1]

In March 1971, the defendant pleaded guilty to the crime of attempted grand larceny in the state of Washington. The crime was a felony in Washington because the property which defendant attempted to steal was valued in excess of $75. At that time if the same crime had been committed in Oregon it also would have been a felony. However, in 1971 the Oregon law was changed and an attempt to commit a theft was reduced to a misdemeanor (with an exception not here pertinent, ORS 164.075). ORS 161.405, 164.045, 164.055. The defendant was apprehended with a weapon in Oregon in March, 1972.

ORS 166.270 provides:

"Any unnaturalized foreign-born person or any person who has been convicted of a felony against

---

[1] This problem was not presented to the trial court; however, the Court of Appeals decided it with a dissenting opinion, and we granted the petition for review to consider this issue.

the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

In *State v. Robinson*, 217 Or 612, 343 P2d 886 (1959), we held constitutional the statute making it a crime for a convicted felon to possess a concealable weapon. The statute was attacked as being contrary to the equal protection clause of the Fourteenth Amendment and contrary to the privileges and immunities clause of the Oregon Constitution, Art I, § 20. We observed that such conduct can be singled out for criminal sanctions because possession of a concealable weapon "is plainly dangerous, especially if possessed by one whose past conduct revealed a disregard for law and the normal moral restraints." We further observed that the statute "had in mind * * * those whose past conviction of a felony showed an unsocial attitude." 217 Or at 616. *State v. Cartwright*, 246 Or 120, 135, 418 P2d 822 (1967), followed this reasoning.

A majority of the Court of Appeals was of the opinion that because of the legislative policy expressed in these two cases the statute should be interpreted to mean that an accused is within the purview of the statute if the original crime committed was a felony at the time and place committed, regardless of a subsequent change in the status of the crime.

We do not regard the holding or language of our two cases as decisive of the issue in this case. The legislative intent as to the application of the statute

is at issue in this case and not the constitutionality of the statute as in our prior cases.

Chief Judge SCHWAB dissented from the majority decision. He was of the opinion that the legislative goal of the felon in possession statute and the former habitual criminal and the present dangerous offender statutes was the same; that is, "placing restrictions on persons who had been previously convicted of serious crimes." 15 Or App at 670-671; ORS 168.015 *et seq.* (repealed, Oregon Laws 1971, ch 743, § 432); ORS 161.-725.[2]

The habitual criminal and dangerous offender statutes provide "a felony conviction in another state cannot be considered unless the offense which led to that conviction *is presently* a felony in Oregon." 15 Or App at 670. Judge SCHWAB, therefore, concluded that the defendant should not be considered a convicted

---

[2] ORS 161.725 (3) provides:

"(3) As used in this section, 'previously convicted of a felony' means:

"(a) Previous conviction of a felony in a court of this state;

"(b) Previous conviction in a court of the United States, other than a court-martial, of an offense which at the time of conviction of the offense was and at the time of conviction of the instant crime is punishable under the laws of the United States by death or by imprisonment in a penitentiary, prison or similar institution for a term of one year or more; or

"(c) Previous conviction by a general court-martial of the United States or in a court of any other state or territory of the United States, or of the Commonwealth of Puerto Rico, of an offense which at the time of conviction of the offense was punishable by death or by imprisonment in a penitentiary, prison or similar institution for a term of one year or more and which offense also at the time of conviction of the instant crime would have been a felony if committed in this state."

felon for the purposes of the felon in possession statute.

The state argues that if the legislature had this purpose in mind in enacting the convicted felon in possession of a weapon statute, they would have used language similar to that used in the dangerous offender statute; the legislature did not insert such language, therefore, such omission is an indication of an intent not to restrict the definition of "felony."

■ This is another instance in which neither the language of the particular statute nor the general statutory scheme is enlightening on the intent of the legislature. The legislature probably never considered these exact facts. *State v. Welch,* 264 Or 388, 394, 505 P2d 910 (1973). In such an instance we try to determine what the legislature would have done if they had considered the problem. In making this determination, the court's view of the most desirable policy necessarily will be a consideration.

In making this decision a salient aspect of the statutory scheme must be kept in mind. The legislature made a decision that a person convicted of a felony is such a great potential danger that he should not be permitted to carry a concealable weapon. The legislature also necessarily decided that a person convicted of a misdemeanor is not such a great potential danger that he should be prohibited from carrying a concealable weapon.

In March 1971, when the defendant was convicted in Washington of attempted grand larceny, the Oregon legislature remained of the mind that the crime of attempted grand larceny was serious enough to be classified as a felony. Later in 1971 the Oregon legis-

lature decided that attempted grand larceny was not so serious and reduced that crime to a misdemeanor.

■ The legislature in effect decided that one who was convicted of attempted grand larceny did not have the dangerous potential with which he was once regarded. We are of the opinion that it most logically follows that, therefore, it is not a crime for such a person to possess a concealable weapon.[9]

The opposing view is not completely void of logic; however, the result we reach is in accord with the policy we expressed in *State v. Woolard,* 259 Or 232, 236, 484 P2d 314, 485 P2d 1194 (1971), in quoting from *Prince v. United States,* 352 US 322, 77 S Ct 403, 1 L Ed2d 370 (1957):

> " 'While reasonable minds might differ on this conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly imports in the light of pertinent legislative history.' 352 US at 329."

Reversed.

---

[9] We express no opinion on defendant's contention that the improper cross-examination of defendant was prejudicial error.