Argued December 19, 1974, affirmed January 14, 1975

STATE OF OREGON (No. C-37276), *Respondent, v.*
CECIL EUGENE THOMPSON, JR., *Appellant.*

530 P2d 532

*Stuart O. Kendall,* Lake Oswego, argued the cause for appellant. With him on the brief was Kenneth M. Gerstein, Lake Oswego.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

■ Defendant appeals from denial of his motion to expunge the record of his felony conviction in 1959. The crime was burglary not in a dwelling, under then existing ORS 164.240, which has since been repealed and replaced by provisions in the criminal code of 1971. The motion sought to invoke the circuit court's authority under ORS 137.225, which, in pertinent part, provides:

> "(1) Every defendant convicted of a Class C felony * * * or a crime punishable as either a felony or a misdemeanor in the discretion of the court * * * at any time after the lapse of three years [without further criminal trouble] * * * may move * * * for * * * an order setting aside the conviction. * * * If the court determines * * *

[defendant's conduct] warrant[s] setting aside the conviction, it shall enter an appropriate order * * *.

"* * * * *.

"(3) The provisions of subsection (1) * * * apply to convictions * * * before * * * September 9, 1971."

Previous to the criminal code of 1971 Class C felonies were unknown to Oregon criminal law. Consequently, if ORS 137.225 is to aid defendant, whose crime occurred before September 9, 1971, its inclusion must be found in some other language in that statute. The only other language there which could include it is in that quoted above: "* * * or a crime punishable as either a felony or a misdemeanor in the discretion of the court * * *." There were several discretionary felony or misdemeanor punishment statutes in existence in the criminal code of Oregon in 1959. They should not be confused with statutes which unconstitutionally attempted to allow the prosecution in advance to determine whether to prosecute for a felony or a misdemeanor. *See State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955). Burglary not in a dwelling was not one of them. ORS 164.240 at the time the crime was committed provided:

"Any person who breaks and enters any building [not a dwelling] * * * with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished * * * by imprisonment in the penitentiary for not more than five years."

Former ORS 161.030 at the time the crime was committed provided:

"* * * * *.

"(2) A felony is a crime which is punishable with death or by imprisonment in the penitentiary

of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution.

"* * * * * *."

█ Under the criminal code of 1971 burglaries committed in nondwellings, if burglary tools or weapons are not used or present or if injury to a person is not attempted, are treated as Class C felonies (ORS 164.215, 164.225) for which discretionary misdemeanor or felony punishments are now possible. (ORS 161.-705.) However, there is no language in the expungement statute, ORS 137.225, quoted supra, which indicates the legislature intended that courts should examine straight felony convictions preceding the 1971 code to see whether they might have fit as either felonies or misdemeanors if committed after the effective date of the new code.[1] We must apply the statute in conformance with its clear terms although we appreciate the inclination of the trial court to reward the exemplary conduct of this defendant by granting his motion.

█ Defendant also contends that ORS 137.225 unconstitutionally denies him equal protection of the law.

---

[1] A statute clear on its face needs no interpretation based upon legislative history, or upon the application of rules of statutory construction. However, we note that, when the bill which became ORS 137.225 was being considered on March 28, 1973 by the Senate Judiciary Committee prior to its passage, proposed amendments were offered which clearly would have made (and had been intended to make) the exact former crime involved in this case subject to expungement. The Committee refused to include the amendments in the bill.

We cannot say that the legislature has drawn an unequal classification by allowing expungement of the records of what have been treated by legislation as less serious offenses, while denying it for those which have been treated as more serious. *See* discussion in *Skinner v. Oklahoma,* 316 US 535, 540, 62 S Ct 1110, 86 L Ed 1655 (1942), and in *State of Oregon v. Pirkey,* supra, 203 Or at 703-704. Where the cases fall closely on one or the other side of the legislatively defined line, they may individually appear unequal when compared with some others. But if a difference cannot be made at some line, there cannot be classification at all.

Affirmed.