Argued February 7, reversed March 13, 1975

STATE OF OREGON, *Respondent, v.* RAYMOND
RUSSELL GRISBACK, JR., *Petitioner.*
532 P2d 1125

*Gary D. Babcock,* Public Defender, Salem, argued the cause for petitioner. With him on the brief was Douglas M. Ancona, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

DENECKE, J.

The problem in this case arises because of our decision in *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974). In *Tippie,* as in the instant case, the defendant was convicted of being a convicted felon in possession of a concealable weapon. In *Tippie* the defendant had originally been convicted of a crime which was a felony when he was convicted but not when he was apprehended in possession of the weapon. We held the original conviction had to be a felony when *Tippie* was apprehended with the weapon. In the present case the crime for which defendant was convicted was a felony when he was convicted but there is a question whether it was a felony in 1974 when he was apprehended in possession of the weapon.

The Oregon Court of Appeals affirmed the conviction with the Chief Judge dissenting. *State v. Grisback,* 19 Or App 369, 527 P2d 745 (1974). We granted review to consider this one issue.

In 1969 the defendant pleaded guilty in an Oregon court to the offense of "Assault with Great Force" and was sentenced to a maximum of three years incarceration. The judgment of conviction is the only evidence in the record of what transpired in 1969. The exact crime for which defendant was convicted in 1969 cannot be definitely determined. There is no crime denominated "Assault with Great Force." The parties, the trial court and the Court of Appeals assumed defendant was convicted of violating ORS 163.255. That statute describes the crime most closely resembling "Assault with Great Force" and we will make the assumption that defendant was convicted of violating ORS 163.255.

ORS 163.255 provided in 1969 that it was a felony for any person, not armed with a dangerous weapon, to assault or commit any assault and battery upon another, "by means of force likely to produce great bodily injury."[①] In 1969 ORS 163.260 provided that it was a misdemeanor for any person, not armed with a dangerous weapon, to assault another or commit an assault and battery upon another.

The Oregon Legislature completely revised the Criminal Code and repealed these two statutes. In the new Criminal Code, ORS ch 161 et seq., effective in

---

[①] ORS 163.255:

"Any person, not being armed with a dangerous weapon, who assaults another or who commits any assault and battery upon another by means of force likely to produce great bodily injury shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

1974 at the time the defendant was apprehended in possession of a concealable weapon, assault is divided into three degrees. ORS 163.165-163.185.

Assault in the third degree consists of "(a) Intentionally, knowingly or recklessly causes physical injury to another; or (b) With criminal negligence causes physical injury to another by means of a deadly weapon." This is a misdemeanor.

Assault in the second degree consists of "(a) Intentionally or knowingly causes serious physical injury to another; or (b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or (c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon." Assault in the second degree is a Class C felony.

Assault in the first degree is defined: "(1) A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life." This is a Class B felony.

In the new Criminal Code an "attempt" is a "(c) Class C felony if the offense attempted is a Class B felony." It is a "(d) Class A misdemeanor if the offense attempted is a Class C felony or an unclassified felony." ORS 161.405.

In order to constitute a felony under the new Criminal Code, the conduct for which defendant was convicted in 1969 must constitute either assault in the second or first degree or an attempt to commit an assault in the first degree. In order to constitute an assault in the second degree, the defendant must have

caused physical injury to another. In order to constitute an assault in the first degree or an attempt to commit an assault in the first degree, serious physical injury must have been inflicted upon another or an attempt to inflict serious injury must have been made and the circumstances must have manifested that the defendant was extremely indifferent to the value of human life.

The crime for which he was convicted in 1969 did not require proof of physical injury to another or proof that he manifested indifference to human life.

The question is, under these circumstances, does our decision in *State v. Tippie,* supra (269 Or 661), require that we reverse defendant's conviction? We reach the conclusion that the conviction must be reversed.

The majority of the Court of Appeals was of the opinion: "In order to pass upon defendant's contention that the 1969 assault conviction is no longer considered a felony, the trial judge is required to make a factual inquiry, viz.: Did defendant inflict serious injury upon the victim?" We are of the opinion that this is not a correct analysis of the problem.

The question is whether the *crime* for which defendant was convicted in 1969 was a felony in 1974. The question is not whether the *conduct* of the defendant in 1969 would amount to a felony in 1974. The only adjudication made in 1969 was that the defendant had assaulted or committed an assault and battery upon another "by means of force likely to produce great bodily injury." No finding was made or was necessary that defendant had inflicted an injury upon another or had acted with extreme indifference to

human life. With these elements missing, the crime for which defendant was convicted did not amount to a felony in 1974.

■ Pursuing what we believe to be an erroneous thesis, the Court of Appeals further held that the 1969 judgment of conviction created a prima facie case establishing the fact that the crime that the defendant committed in 1969 constitutes a felony under the statutes in effect in 1974. We do not believe this is correct because there is no rational connection between the 1969 conviction and establishing the elements essential to proving a felony under the statutes effective in 1974.

The state strongly urges that we overrule our decision in *State v. Tippie,* supra (269 Or 661). The state, however, has not convincingly pointed out in what respect our reasoning in *Tippie* was incorrect. We adhere to our decision in *State' v. Tippie,* supra.

Reversed.

TONGUE, J., concurring.

I concur in this decision because I believe that it is controlled by our recent decision in *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974), which was wrongly decided, in my opinion.