Argued October 27, 1975, reversed January 12, reconsideration denied February 4, petition for review denied February 18, 1976

## STATE OF OREGON, *Appellant,*
*v.*
## RICKI LEE YOUNG, *Respondent.*
### (No. 36305, CA 4806)
544 P2d 179

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*C. S. Emmons,* Albany, argued the cause for respondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The state appeals from a circuit court order, issued pursuant to ORS 137.225, expunging respondent's 1968 grand larceny conviction.

The threshold question is whether the state is entitled to appeal the expunction order.

The state contends its appeal is authorized by ORS 19.010(4), which provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

Respondent contends that this expunction proceeding is, instead, criminal in nature and subject to the appellate-jurisdiction rules of ORS ch 138. Respondent then relies on *State v. Beal,* 19 Or App 343, 527 P2d 262 (1974), in which we held the state could not appeal a similar order by virtue of certain provisions of the criminal procedure code, specifically, ORS 138.060(3) and (4).

The preliminary provisions of ORS ch 138 state that the specific provisions that follow apply to "*criminal action[s]*." ORS 138.010, 138.020. (Emphasis supplied.) The legislature has defined a criminal action as "an action at law by means of which a person is accused and tried for the commission of an offense." ORS 131.005(6). This expunction proceeding is not a criminal action within that definition and thus is not subject to the rules stated in ORS ch 138.

Instead, expunction proceedings seem to fit very comfortably within the concept of special statutory proceedings, with appellate jurisdiction governed by ORS 19.010(4). *See, Tax Com. v. Consumers' Heating Co.,* 207 Or 93, 294 P2d 887 (1956). We hold we have jurisdiction over the state's appeal.

The substantive question is whether the statute

[ 7 ]

governing expunction, ORS 137.225, authorizes the expunction of the respondent's conviction. The statute allows that form of relief to defendants "convicted of a Class C felony * * * or a crime punishable as either a felony or a misdemeanor." Respondent's 1968 grand larceny conviction under former ORS 164.310 is not for a Class C felony, there being no such thing in existence at that time. Nor did former ORS 164.310 authorize punishment as either a felony or a misdemeanor. ORS 137.225 does not authorize expunction in this situation. *State v. Thompson,* 20 Or App 61, 530 P2d 532 (1975).

All but one of respondent's contrary arguments were considered and rejected in *Thompson.* That additional argument relies on *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974), and *State v. Grisback,* 271 Or 439, 532 P2d 1125 (1974), for the proposition that we should attempt to determine whether respondent's 1968 crime would be a Class C felony if committed today. The question in *Tippie* and *Grisback* was whether to look to prior or present law in determining whether the defendants were guilty of one element of a criminal charge. In both cases, the decision to look to present law was consistent with the general policy of resolving any doubt about the interpretation of statutes defining crimes "in favor of lenity." *State v. Welch,* 264 Or 388, 391, 505 P2d 910 (1973).

■ Here the question is not whether respondent has committed a crime, but whether he is entitled to the collateral procedural relief of expunction, which might be called "unringing the bell." Unlike the situation in *Tippie* and *Grisback,* we do not here perceive any basis for a policy of resolving doubt about legislative intent, if doubt existed, "in favor of lenity."

Reversed.

**FORT, J.,** dissenting.

The state concedes that there is no express authorization for appeal from an order issued pursuant to

ORS 137.225. It also concedes that this court in *State v. Beal,* 19 Or App 343, 527 P2d 262 (1974), dismissed a similar appeal on the ground this court lacked jurisdiction to hear it. That appeal was sought under ORS 138.060(3) and (4).

In its brief here the state suggests first that an appeal from an expunction order "might be characterized as an unconventional motion in arrest of judgment" and thus appealable under ORS 138.060(2). Since a motion for arrest of judgment must be filed within five days and heard and determined within 20 days after entry of judgment (ORS 136.535(1) and (3)), it is obvious that an order of expunction cannot be so treated. Indeed the state concedes this case cannot proceed as a criminal appeal.

ORS 138.010 provides:

"Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300."

ORS 137.225, as the state concedes, was expressly made a part of the Oregon Criminal Code by Oregon Laws 1971, ch 434, § 1.[1] Thus it seems clear to me that the legislature intended that it be considered a part of the criminal law. Indeed it has no relation at all to civil matters. It is found in ORS ch 137 along with such subjects as imposition of judgment and sentence, presentence reports, postjudgment procedures, of which ORS 137.225 is itself a part, and such special statutory procedures as provide for the granting and revocation of probation, all of which are also a part in common parlance of criminal law. That the legislature clearly intended it to be a part of the Criminal Code cannot therefore be doubted.

It has long been the rule that the state in a criminal proceeding has no right of appeal unless conferred

---

[1] Oregon Laws 1971, ch 434, § 1:

"Section 2 of this Act is added to and made a part of ORS chapter 137."

[ 9 ]

upon it expressly by statute. *State v. Foster,* 229 Or 293, 366 P2d 896 (1961); *State v. Cannon/Clark/Green/ Donnelly,* 17 Or App 379, 521 P2d 1326, Sup Ct *review denied* (1974).

The Post-Conviction Relief Act found in ORS 138.510 to 138.680 is for example a special statutory procedure and a relatively recent innovation in the framework of the criminal law also. Yet that statute in ORS 138.650[2] contains its own provision for appeal and thus is not governed either by ORS 138.060 or 19.010(4). If the reasoning of the majority is correct, one can also conclude that the provision for appeal in such special statutory procedures as the Post-Conviction Relief Act were surplusage.

If appeal rights granted in ORS 19.010(4) are to be expanded to allow an appeal from the granting or denial of an expunction order arising out of a criminal conviction, it is in my opinion solely the province of the legislature to do so. Accordingly, I conclude that this court lacks jurisdiction of this appeal under ORS 19.010(4). Thus I would not reach the second assignment of error.

---

[2]ORS 138.650:

"Either the petitioner or the defendant may appeal to the Court of Appeals within 30 days after the entry of final judgment on a petition pursuant to ORS 138.510 to 138.680. The manner of taking the appeal and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions, except that the trial court may provide that the transcript contain only such evidence as may be material to the decision of the appeal."