Argued March 15, reversed and remanded for new trial April 26, reconsideration denied June 9, petition for review denied July 13, 1976

STATE OF OREGON, *Appellant,*

*v.*

KATHERINE AGNES MITCHELL, *Respondent.*

(No. C 75-05-1689 Cr., CA 5210)

548 P2d 1352

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*John R. Urquhart,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

## LEE, J.

The state appeals the trial court's order sustaining a demurrer to the indictment. The defendant was charged with being a convicted felon in possession of a concealable firearm. ORS 166.270 (1973).[1]

The issue is whether the felony of which defendant was previously convicted was also a felony at the time the defendant allegedly committed the crime charged in the instant case.

The indictment charged that the defendant had in her possession a concealable firearm on May 29, 1975; it also alleges that she had previously been convicted on October 29, 1965 under former ORS 162.330. Defendant concedes that the 1965 conviction was for a felony.

Defendant demurred on the ground that the 1965 felony was not a felony on May 29, 1975.

The Supreme Court, in *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974), held that a conviction under ORS 166.270 cannot be sustained unless the prior felony was also a felony at the time the defendant was in possession of a concealable weapon.[2]

The former ORS 162.330 provided that:

"Any person who conveys into or about the yard or grounds of any penitentiary, jail, house of correction, or other place used for the confinement of persons upon any warrant, order or other legal process, any disguise, mate-

---

[1] At the time of the alleged crime (May 29, 1975), ORS 166.270 provided that:

"Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years."

[2] The court's holding does not apply to violations occurring after September 13, 1975, the effective date of the amendment of ORS 166.270.

[ 277 ]

rial, instrument, tool, weapon or other thing adapted to or useful in aiding any person or prisoner there committed or detained, *with intent to effect or facilitate the escape* of such person or prisoner shall be punished upon conviction as for a misdemeanor or by imprisonment in the penitentiary for not more than five years." (Emphasis supplied.)

The state urges that this statute is equivalent to ORS 162.185 which provides:

"(1) A person commits the crime of supplying contraband if:

"(a) He knowingly introduces any contraband *into* a correctional facility, juvenile training school or state hospital; or

"(b) Being confined in a correctional facility, juvenile training school or state hospital he knowingly makes, obtains or possesses any contraband.

"(2) Supplying contraband is a Class C felony." (Emphasis supplied.)

The trial court's order sustaining the demurrer was based on its conclusions that

"* * * * *

"1. The court cannot look to the charging instrument in the prior case to determine the current felony status of the prior conviction, but is limited to the face of the judgment order.

"2. The former ORS 162.330 is not entirely identical in substance to the current ORS 162.185, and therefore under *State v. Grisback,* [271 Or 439, 532 P2d 1125 (1975)], the crime for which the defendant was convicted in 1965 would not necessarily be a current felony."

■ Defendant insists that three elements are required to support a conviction under ORS 162.185 that were not required under former ORS 162.330:

"* * * (1) proof that the article or thing introduced has in fact been classified as contraband in conformity with ORS 162.135(1); (2) proof of knowledge that the article or thing has been so classified; and (3) proof that the article or thing so prohibited is actually introduced 'into' the specified facility. * * *"

[ 278 ]

1. ORS 162.135(1) defines "contraband" as

"* * * any article or thing which a person confined in a correctional facility, juvenile training school or state hospital is prohibited by statute, rule, regulation or order from obtaining or possessing, and whose use would endanger the safety or security of such institution or any person therein."

No prison, of course, allows its inmates to have escape devices. (The state Corrections Division prohibits possession of escape devices in Oregon Administrative Rules 291-10-050, Rule (9) (d).) Thus, *any* of the escape materials mentioned in former ORS 162.330 would come within the purview of "contraband" in ORS 162.185.

2. Knowledge that the item is prohibited, required by ORS 162.185(1)(a), is implicit in former ORS 162.330 which prohibits conveying the escape device "with intent to effect or facilitate the escape" of an inmate. It is difficult to conceive of anyone intending to facilitate an escape without knowing that the escapee's possession of the escape devices is unlawful. While the language differs slightly, both statutes require knowledge that the items involved are escape devices.

3. Defendant has pointed to nothing which indicates that the legislature meant to restrict the focus of the crime when it employed the term "into" in ORS 162.185(1)(a) rather than the term "into or about" in former ORS 162.330. The two terms are essentially two slightly different ways of expressing the same idea.

■ Our conclusion is that the defendant who violated former ORS 162.330 would also be in violation of ORS 162.185. The latter statute was enacted verbatim as recommended by the Criminal Law Revision Commission as part of the new criminal code enacted in 1971. In the Commission's commentary (Section 194) there is nothing indicating an intent to narrow the scope of the former ORS 162.330. Proposed Oregon Criminal

Code, Final Draft and Report, 196-197, Commentary, § 194 (1970).

Since the felony committed by the defendant in 1965 was also a felony—under a different statute—on May 29, 1975, it follows that the demurrer should have been overruled.

Reversed and remanded for trial.